IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK D. SMYERS,                          )
                                            )
                            Plaintiff,      )
                                            )
v.                                          )        Case No. 2:07-CV-2364 CM-KGS
                                            )
COUNTY OF ATCHISON, KANSAS, *et al.*,       )
                                            )
                            Defendants.     )
_____

REPORT & RECOMMENDATION

        This matter comes before the court upon plaintiff's Motion to Extend Time to Affect

Service (Doc. 3).  Specifically, plaintiff requests an order extending the period of time within

which plaintiff may effect service upon defendants.  Defendants have not filed a response, and

the time for doing so has passed.[1]  Therefore, the court is prepared to rule.

I.      **Background**

        On January 11, 2007, plaintiff delivered a Notice of Demand pursuant to the Kansas Tort

Claims Act as a prerequisite for filing a cause of action against defendants.[2]  The defendants did

not respond and plaintiff filed his Complaint on August 9, 2007 (Doc. 1).[3]  In his complaint,

plaintiff alleges he was processed into the Atchison County Jail on or about August 24, 2005,

and immediately experienced treatment by jail officials in violation of his civil rights.  He further

_____

        [1] D. Kan. Rule 6.1(d)(1) (stating that responses to non-dispositive motions shall be filed and served within 14 days).

        [2] Kan. Stat. Ann. 12-105(b) provides a notice and waiting period for filing an action against certain governmental agencies, including the defendants in this case.

        [3] *See* Complaint (Doc. 1).

alleges that this mistreatment continued throughout his incarceration and up to his release which occurred sometime after March 21, 2007. Plaintiff has brought various claims against defendant including; cruel and unusual punishment in violation of the Eight and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence and denial of due process under the Fourteenth Amendment.

The statute of limitations for at least one of plaintiff's federal claims was to expire on or about August 24, 2007.[4]   Pursuant to Fed. R. Civ. P. 4(m), plaintiff had 120 days, or until December 7, 2008, to serve the defendants.  A Notice of the Lawsuit and Request for Waiver of Service and Summons were mailed to defendants on September 17, 2007.[5]  Defendants did not acknowledge receipt of these documents nor did they respond to the request.  Plaintiff's counsel experienced a computer crash in October 2007 in which he lost access to pertinent case files.[6] Counsel states that his computer was back online and partially functioning within ten days, although he still experienced intermittent system difficulties.  Plaintiff's counsel experienced a second crash on February 5, 2008 and his computer was not functional again until February 29, 2008.[7]

Plaintiff's counsel did not discover until March 19, 2008 that service was never properly

---

[4]  *See* Complaint (Doc. 1) at ¶ 9-11 (alleging plaintiff's first injury occurred on August 24, 2005 immediately following plaintiff's processing at defendant Atchison County Jail); *see also* 42 U.S.C.A. § 1983 note 162 (stating that the appropriate statute of limitations for § 1983 claims is the personal injury limitations period of the forum state) *and* Kan. Stat. Ann. 60-513(a)(4) (stating the statute of limitations for such actions is two years from the accrual of the injury).

[5]  *See* Motion to Extend Time to Affect Service (Doc. 3) at 2.

[6]  *Id.*

[7]  *Id.* at 3.

effected in the case.  Thereafter, plaintiff hand delivered a second Notice of Lawsuit and Request for Waiver of Service and Summons to defendants on March 20, 2008.[8]  Defendants also did not acknowledge or respond to this request.

Plaintiff's counsel filed the instant motion requesting an extension of time to effect service on May 6, 2008.

## II.    Plaintiff's Contentions

Plaintiff concedes that, pursuant to Rule 4(m), service of summons and complaint was to be made within 120 days after filing, or in this case by December 7, 2008.[9]  Counsel for plaintiff attributes the failure to effect service on defendants to two computer crashes in which he lost access to pertinent case files, and that such occurrence was not a lack of due diligence.[10] Plaintiff further argues that defendants would not be prejudiced by an extension of service even though at least one of plaintiff's claims would be barred by the statute of limitations upon dismissal.[11]

## III.    Analysis

Fed. R. Civ. P 4(m) provides that:

"If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

--------

[8]  *Id.*

[9]  *Id.* at 4.

[10]  *Id.*

[11]  *Id.* at 5.

To determine whether an action should be dismissed, the court applies a two-step analysis. First, the plaintiff is entitled to a mandatory extension of time if the plaintiff demonstrates good cause for failing to timely effect service.[12] Second, if the plaintiff fails to show good cause, the court may exercise its discretion and either dismiss the case without prejudice or extend the time for service.[13]

### A.    Good Cause

Rule 4(m) mandates an extension of time for service if plaintiff shows good cause for the failure, but the rule does not define good cause. The Tenth Circuit "has interpreted the phrase narrowly, rejecting inadvertence or neglect as good cause for untimely service."[14] "'Mistake of counsel or ignorance of the rules also usually do not suffice' as good cause."[15] Further, "prejudice to a plaintiff from the running of a statute of limitations does not constitute good cause, nor does an absence of prejudice to a defendant."[16]

Here, plaintiff has failed to show good cause for an extension of time to effect service pursuant to Rule 4(m). The court finds that the failure to timely effect service can only be attributed to plaintiff's counsel's own neglect. It took counsel more than three

---

[12] *Espinoza v. United States,* 52 F.3d 838, 841 (10th Cir. 1995).

[13] *Id.*; *See also* Fed R. Civ P. 4 advisory committee notes to the 1993 amendments to subdivision (m) ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

[14] *Crewse v. MCI Telecommunications Corp.*, 2000 WL 360109, at *2 (D. Kan. 2000) (quoting *In re Kirckland*, 86 F.3d 172, 174 (10th Cir. 1996) (internal quote marks omitted)).

[15] *Id.* (quoting *In re Kirkland*, 86 F.3d at 176).

[16] *Id.* (citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th cir. 1994)).

months after the service deadline, and more than seven months after the case was filed, to discover that service had not been completed.  Counsel then waited another two months to file the instant motion.  Such neglect plainly does not suffice as good cause under Tenth Circuit precedent.  Plaintiff's contention that an extension of time will result in no prejudice to defendant, regardless of veracity, also does not constitute good cause. Finally, prejudice to plaintiff resulting from the running of the statute of limitations does not constitute good cause.

**B.      Permissive Extension**

Having found good cause does not exist, the court considers whether a permissive extension of time is warranted.  "A plaintiff who has failed to show 'good cause' for a mandatory extension of time may still be granted a permissi[ve] extension of time within the district court's discretion."[17]  When considering whether such a permissive extension should be granted the court should consider several factors, namely the advisory committee's note to Rule (4m).[18]  First, the advisory committee's note states that "[r]elief may be justified  . . . if the applicable statute of limitations would bar the refiled action."[19] A permissive extension may also be "appropriate where defendant has not been prejudiced by the delay of service."[20]

The statute of limitations for at least one of plaintiff's claim expired on or about

---

[17]  *Espinoza*, 52 F.3d at 841.

[18]  *Id.* at 842.

[19]  *Id.* (quoting Fed. R. Civ. P 4(m) advisory committee's note (1993)).

[20]  *Spiess v. Meyers,* 483 F. Supp. 2d 1082, 1097 (D. Kan. 2007) (citations omitted).

5

August 24, 2007, or two years after he was booked into the Atchison County Jail. Therefore, a dismissal of this claim would result in a permanent bar to at least one of plaintiff's claims. Meanwhile, the statute of limitations for the alleged harms that were continual in nature may not have expired, as plaintiff was released from incarceration sometime after March 21, 2007. Therefore, plaintiff may in fact be able to refile this action and proceed with his claims which are still viable.

The court finds that dismissal in this case is appropriate. Plaintiff waited as long as possible to file suit, bringing this action only 15 days before the statute of limitations ran. Moreover, after the case was filed, plaintiff's counsel let the 120 day service deadline expire without attempting to actually serve summons upon the defendant. The court notes that one notice of suit and request for waiver was sent to defendants within the 120 day time period. Even so, the court finds that it should have been relatively easy and inexpensive for plaintiff's counsel to serve a governmental body in the same town as counsel's law office. So easy that plaintiff's counsel could have personally served the defendants and their appropriate representatives. Moreover, the court notes that no attempt was made to serve defendant John Calhoon in his individual capacity.

Plaintiff waited until five months after the service deadline to file the instant motion. Plaintiff's only justification for the failure were the two computer crashes in his law office. The court finds little regard for plaintiff's justification as counsel indicates that after the first crash in October his computer was back online and functioning within ten days and the second crash occurred after the 120 service deadline had already ran. Additionally, the court can only surmise that an open case inventory surely could have

been completed earlier than mid-March to determine the status of the instant action.

　　　　While defendants were put on notice on January 11, 2007, of plaintiff's claims, they still may be prejudiced by the delay in the proceedings.  The court will not speculate as to how much or little defendants currently know regarding the status of this case.  The fact remains however, that the one year anniversary of this case's filing is quickly approaching.  As such, and because some of the alleged acts occurred nearly three years ago, the court is concerned that relevant evidence or witnesses may be hard to find.  The court concludes that periods of limitations exist for good reason, and it would be an abuse of discretion for this court to extend the time for service under the facts of this case.

**IV.　　Conclusion**

　　　　Neither the computer failure of plaintiff's counsel nor the running of plaintiff's statute of limitations constitute "good cause" such that the court would be compelled to extend time to effect service.  The court will not exercise its discretion pursuant to Rule 4(m) to grant plaintiff's requested extension of time.  Had plaintiff been more diligent in prosecuting this case, the court might be inclined towards leniency; however this is not the case.  The court finds that plaintiff gives no justifiable excuse for his extended delay in effecting service and request for an extension, and defendants may have been prejudiced by the delay in service.  Accordingly,

　　　　**IT IS THEREFORE RECOMMENDED** that plaintiff's Motion to Extend Time to Affect Service (Doc. 3) be denied. Based upon this decision, the court recommends plaintiff's Complaint be dismissed without prejudice.

　　　　Copies of this recommendation and report shall be mailed either electronically or

7

via the United States Postal Service to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636 (b)(1), as set forth in Federal Rule of Civil Procedure 72(b) and D. Kan Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

**IT IS SO ORDERED**.

Dated this <u>18th</u> day of June, 2008, in Topeka, Kansas.

<u>s/K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge
